UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ASPEN AMERICAN INSURANCE CO., )
as subrogee of Eastern Fish Company, )
 )
    **Plaintiff,** )
 )
    v. ) CAUSE NO. 1:14-CV-383
 )
INTERSTATE WAREHOUSING, INC., et al., )
 )
    **Defendants.** )

## OPINION AND ORDER

Plaintiff Aspen American Insurance Co., as subrogee of Eastern Fish Company, filed its complaint against Interstate Warehousing Inc., and Interstate Warehousing of Michigan LLC on December 5, 2014, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket # 1.) The complaint alleges that Aspen American Insurance Co., is a Texas corporation with its principal place of business in Connecticut, but is silent as to the citizenship of Eastern Fish Company. The complaint further alleges that Defendant Interstate Warehousing, Inc., is an Indiana corporation with its principal place of business in Indiana, and "[u]pon information and belief, Interstate Warehousing, Inc. is the sole member and manager of Interstate Warehousing of Michigan, LLC." (Compl. ¶ 4.)

These jurisdictional allegations are inadequate in two respects. First, Plaintiff must amend the complaint to clarify the interest, if any, of Eastern Fish Company, and thereby whether the subrogee's citizenship matters. "Determining a party's citizenship for purposes of a subrogation claim requires determining whether the subrogation was total or partial." *Cincinnati Ins. Co. v. Greene*, No. 1:10-cv-370, 2012 WL 1802325, at *2 (S.D. Ind. May 17, 2012).

> If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

*United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81 (1949) (citation omitted). "[T]otal subrogation . . . results in focusing solely on the subrogee's citizenship for diversity purposes, [while] partial subrogation forces a look at both subrogee and subrogor–that is the teaching in *Aetna Cas.*" *Pepsico Do Brasil, Ltda v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008) (emphasis omitted) (citing *Aetna Cas.*, 338 U.S. at 380-81); *see also Cincinnati Ins. Co.*, 2012 WL 1802325 at *2.

Second, with respect to Defendant Interstate Warehousing of Michigan LLC, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge."[1] *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Therefore, Plaintiff is ORDERED to

---

[1] Although Plaintiff attached to its complaint the Articles of Amendment of the Articles of Organization of Interstate Warehousing of Michigan, LLC signed by Interstate Warehousing Inc., as "Manager/Member" in July 2008 (Compl. ¶ 4 Ex. A), this is insufficient, as it does not establish that Interstate Warehousing Inc., was the *sole* member of the LLC *at the time the complaint was filed. See Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (explaining that the plaintiff must show the citizenship of each party as of the date the complaint was filed).

supplement the record on or before December 22, 2014, by filing an amended complaint that adequately alleges the citizenship of each party.

SO ORDERED.

Enter for this 8th day of December 2014.

s/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge