UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ASPEN AMERICAN INSURANCE CO., as subrogee of Eastern Fish Company, | )<br>)<br>)<br>) |
| Plaintiff, | ) Cause No.: 1:14-CV-00383-PPS-SLC |
| v. | )<br>)<br>) |
| INTERSTATE WAREHOUSING, Inc., *et al.*, | )<br>)<br>) |
| Defendants, | ) |

## **OPINION AND ORDER**

Before the Court is an Unopposed Motion to Stay Action in Favor of State Court Proceeding filed by Plaintiff Aspen American Insurance Co. ("Aspen"), as subrogee of Eastern Fish Company, seeking to stay this action pending resolution of a parallel state court case between the parties. (DE 12). Aspen represents in the motion that Defendant Interstate Warehousing, Inc., does not oppose the requested stay. (DE 12 at 1).

As background, Aspen filed this action against Interstate on December 5, 2014, seeking to recover damages for an alleged loss of food products that were stored in Interstate's warehouse in March 2014. (DE 3). Aspen advances ten counts in its complaint, including breach of contract, negligence, spoliation of evidence, fraud, and conversion. (DE 3).

Six months before filing this suit, Aspen filed an action against Interstate in the Circuit Court of Cook County, Illinois, alleging a loss of certain food products ("the Illinois suit"). (DE 12 at 1). There, Interstate filed a motion to dismiss the action for lack of jurisdiction, which was denied; Interstate intends to file a second motion to dismiss based on venue. (DE 12 at 1-2).

Aspen, in anticipation of Interstate's jurisdictional challenges in the Illinois suit, and to preserve the claim from becoming time-barred under the terms of the operative warehousing contract, filed the instant action in this Court setting forth the same allegations as in the Illinois suit. (DE 12 at 2).

"Under the *Colorado River* abstention doctrine, a federal court may stay a suit in exceptional circumstances when there is a concurrent state proceeding and the stay would promote 'wise judicial administration.'" *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)). When considering whether a stay is appropriate, a court conducts a two-part analysis:

> First, the court must consider whether the concurrent state and federal actions are actually parallel. Then, once it is established that the suits are parallel, the court must consider a number of non-exclusive factors that might demonstrate the existence of exceptional circumstances. These factors are: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Id*. (quotation marks and citations omitted).

Applying the first part of the test, here the two suits are parallel; the two complaints essentially mirror each other, advancing the same ten counts. (*Compare* DE 12-1, *with* DE 1). As such, it appears that resolution of the Illinois suit will serve to resolve the claims in the federal action.

As to the second part of the test, examination of the relevant factors demonstrate that exceptional circumstances exist to warrant a stay of the federal action. The parties have a shared

interest in avoiding piecemeal litigation of the claims, the Illinois suit was filed prior to the federal case, Aspen is alleging claims under Illinois law, the Illinois suit has advanced more than this action, and the federal action is not vexatious or contrived. (DE 12 at 3-4). Ultimately, Aspen filed this case to preserve its rights under the terms of the warehousing contract in the event Interstate's jurisdictional challenges to the Illinois suit are successful. As such, a stay of this action will protect Aspen's claims and at the same time promote judicial economy and avoid duplicate litigation.[1]

For these reasons, Plaintiff's Unopposed Motion to Stay Action in Favor of State Court Proceeding (DE 12) is GRANTED. This case is STAYED until the resolution of the Illinois suit pending between the parties. Plaintiff is ORDERED to submit a status report to this Court every ninety days concerning the Illinois suit.

SO ORDERED.

Entered this 25th day of June 2015.

s/ Susan Collins  
Susan Collins,  
United States Magistrate Judge

---

[1] Even aside from the *Colorado River* doctrine, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants[.]" *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "A stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery." *Id.* (quoting *Aetna State Bank v. Altheimer*, 430 F.2d 750, 755 (7th Cir. 1970)).