UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ASPEN AMERICAN INSURANCE CO., )<br>as subrogee of Eastern Fish Company, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERSTATE WAREHOUSING, INC., )<br>et al. )<br>)<br>Defendants. ) | Case No. 1:14-CV-383-WCL-SLC |

**PLAINTIFF'S MOTION *IN LIMINE* #8 – MOTION IN LIMINE TO (I) PRECLUDE OBJECTIONS TO INFERENCES MADE DUE TO SPOLIATION OF EVIDENCE & (II) PERMIT WITNESSES TO TESTIFY ABOUT SPOLIATED EVIDENCE**

Pursuant to Federal Rules of Evidence 104(a) and 702, Plaintiff, Aspen American Insurance Co., as subrogee of Eastern Fish Company ("Plaintiff" or "Aspen"), by its attorneys, respectfully moves *in limine* for this Court to bar any and all objections to inferences made and conclusions drawn by Plaintiff's experts in their reports, deposition testimony, or during the course of their trial testimony which were made out of necessity due to the spoliation of evidence by Interstate Warehousing, Inc. ("Defendant" or "IW"). Plaintiff further moves for an order allowing its witnesses, including expert witnesses James Goes and Jeremy Swensen, to testify with respect to spoliation of evidence, as provided in this Court's Opinion and Order of December 5, 2019 (Dkt. 75), which states: "The jury will be permitted to hear and consider evidence from both parties about Interstate's failure to preserve the structural components (or make them available for inspection) and how and to what degree Aspen American was prejudiced by Interstate's actions in that regard." *Id*. at p. 18.

Plaintiff foresees that Defendant's counsel will seek to object to Plaintiff's expert testimony and reports on the basis of alleged lack of foundation and reliability of evidence. However, under well-established Indiana case law, any inferences required to be drawn due to the spoliation of evidence are to be against the spoliating party. In addition to such negative inference against Defendant, Defendant should also not be able to object to testimony regarding such destroyed evidence on the basis of lack of knowledge or otherwise seek to benefit from its own misconduct.

In further support of this Motion, Aspen respectfully refers this Court to the Memorandum of Law that follows.

<strong><u>MEMORANDUM OF LAW<br>IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE #8</u></strong>

### A. PRELIMINARY STATEMENT

Plaintiff previously filed its Motion for Sanctions Based on Defendant's Spoliation of Evidence seeking sanctions against Defendants for its failure to preserve evidence related to collapse of the roof of the warehouse that stored Plaintiff's product. (*See* Dkt. 64-65). The Court found that Defendant did indeed spoliate evidence in its subsequent Opinion and Order (Dkt. 75), ruling that it would instruct the jury that evidence that might have been obtained from the removed warehouse components would have been "unfavorable" to IW.

Such order ensures that Defendant cannot benefit from the lack of evidence from an evidentiary perspective. Likewise, Defendant should not be permitted to object to the lack of evidence and therefore lack of personal observation by Plaintiff's experts as a foundation to draw their conclusions. Therefore, Plaintiff seeks an order prohibiting Defendant's counsel from doing just that.

**B. BACKGROUND**

Plaintiff refers to the background facts stated in its Motion in Limine No. 1 – Motion *In Limine* to Exclude any Evidence in Support of Defendant's "Act of God" Affirmative Defense (Dkt. 108) which are fully incorporated herein.

**C. ARGUMENT**

**I. Legal Standard**

"The Federal Rules of Evidence do not explicitly authorize in limine rulings. However, the District Court has inherent authority to manage the course of trials. Fed. R. Evid. 103(c); *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). District courts have broad discretion in ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002)." *Ledford v. Lamartz*, 462 F.Supp.3d. 905, 908 (N.D. Ind. 2020).

**II. Admission of Expert Testimony, Generally**

The admissibility of expert testimony is guided by Fed. R. Evid. 702 which provides, in relevant part:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Civ. P. 702.

Courts hold that the last prong of this test requires an expert's opinion to be tied to case facts and issues. *Smith v. Nexus RVs, LLC*, 472 F.Supp.3d 470, 476 (N.D. Ind., South Bend

Division, 2020); citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. at 150. Expert testimony must relate to an issue in the case and be relevant, helping the jury decide an issue of consequence. *Id.* "'[A]n opinion has a significance proportioned to the sources that sustain it,' *Huey v. United Parcel Serv.*, 165 F.3d 1084, 1087 (7th Cir. 1999) (citation omitted), and consequently an expert opinion that lacks a proper factual foundation is little more than 'unscientific speculation offered by a genuine scientist,' and thus is both unreliable and inadmissible. *Rosen v. Ciba-Geigy Corp.*, 78 F.3d at 316, 318 (7th Cir. 1996)." *Comer v. American Elec. Power*, 63 F.Supp.2d 927, 934 (N.D. Ind., Fort Wayne Division, 1999).

That is, under ordinary circumstances, a party seeking to proffer expert testimony to the jury must demonstrate some reasonable connection between the methodologies relied upon by the expert and the evidence that the expert him or herself viewed, observed, or otherwise relied upon in applying his or her methodologies in reaching his or her expert conclusion.

It is well established under Indiana law that the courts have great discretion as to the repercussions for the party found to have spoliated evidence. *See N. Indiana Pub. Serv. Co. v. Aqua Envtl. Container Corp.*, 102 N.E.3d 290, 302 (Ind. Ct. App. 2018) (stating that "a trial court has broad discretion to redress spoliation of evidence; its power to sanction spoliation is derived from its broad and inherent discretionary powers to issue evidentiary rulings and to manage the orderly and expeditious disposition of cases.") (citations omitted).[2]

---

[2] Indiana Trial Rule 37(B) also authorizes trial courts to respond to discovery violations with sanctions "as are just," including, amongst others, ordering that designated facts be taken as established, prohibiting the introduction of evidence, dismissal of all or any part of an action, rendering a judgment by default against a disobedient party, and payment of reasonable expenses including attorney fees. See also *N. Indiana Pub. Serv. Co.*, 102 N.E.3d at 302.

Further, where a party has been found to have spoliated evidence, "the rules of evidence permit the jury to infer that the missing evidence was unfavorable to that party." *Id.* ³

Where evidence has been spoliated, certain inferences about the occurrences may be drawn. "While this rule [inference that the production of evidence would be against the interest of the party which suppresses it] will not be carried to the extent of relieving a party of the burden of proving his case, it may be considered as a circumstance in drawing reasonable inferences from the facts established." *Porter v. Irvin's Interstate Brick & Block Co., Inc.*, 691 N.E.2d 1363, 1365 (Ind. Ct. App. 1998) (internal citations omitted) (where the court permitted inferences made by an expert who relied on his experience to come to conclusions of what may have been the cause for the equipment failure and possible ways same could have been prevented where such inferences were arose out of spoliation of evidence by the opposing party in the case.).

However, not only may inferences be made against the spoliator as to the missing evidence, and reasonable inferences may be drawn where the requirement to do so arose out of the spoliation of evidence, the spoliator is also prevented from benefitting from its own wrong and may be prohibited from objecting to inferences that were required to be drawn due to the spoliation of evidence. *Id.* (noting that if opposing counsel raises an evidentiary issue that would have been resolved had the evidence been available for the expert to examine, such inference would conclude that it was not to the benefit of defendant.)

**IV.   Defendant should be prevented from objecting to inferences made resulting from its own spoliation of evidence.**

In its Order granting (in part) Plaintiff's Motion for Sanctions, "the Court conclude[d] that Interstate committed spoliation in that parts of the warehouse that were under Interstate's exclusive

---

³ The legal background of spoliation of evidence and the possible repercussions have been fully briefed in *Plaintiff's Motion for Sanctions Based on Defendant's Spoliation of Evidence* (Dkts. 64, 65, 68) and this Court's order granting (in part) Plaintiff's motion (Dkt. 75).

control were ultimately rendered unavailable for a complete and thorough inspection by Aspen American's expert […] The Court will [] impose one of the sanctions requested by Aspen American, which is that the jury be informed of Interstate's destruction of evidence and instructed that it can draw a negative inference from the destruction of evidence. […] The jury will be permitted to hear and consider evidence from both parties about Interstate's failure to preserve the structural components (or make them available for inspection) and how and to what degree Aspen American was prejudiced by Interstate's action in that regard. The Court reserves the right to alter the wording to, and supplement, the preliminary and final jury instruction and to impose other spoliation before or during trial, if appropriate" (Dkt. 75; 18-19). This not only permits the jury to infer that the spoliated evidence is unfavorable to Defendant, but also allows for further sanctions to be imposed by this Court. Preventing Defendant's counsel from objecting to expert testimony and reports on foundational grounds is an additional sanction that is not only appropriate, but necessary to ensure that Plaintiff is afforded the opportunity to present its case as it would have but for the sanctioned conduct of Defendant.

     As noted above, expert testimony under Rule 702 must be reliable. Experts may rely on a scientific method for their testimony, but they may also rely on their experience or their skills. Plaintiff's experts, Mr. James Goes and Mr. Jeremy Swenson (the "Experts"), were forced to make inferences in their expert reports as to the cause and origin of the roof collapse of the Warehouse. Had Defendants not spoliated the relevant evidence, such inferences would not have been necessary.

     Defendants cannot destroy evidence necessary to Plaintiff's case and then benefit from its wrongdoing. The preliminary and final jury instruction as the Court provides in its previous Order

will guard against the argument Defendants would otherwise make that the destroyed evidence was not relevant or did not show Defendants' gross negligence.

As the manager of the course of this trial, this Court is afforded broad discretion in providing relief to a party based on its motions in limine. This Court is also afforded broad discretion as to the sanctions and other repercussions imposed on a party found to have spoliated evidence. It is therefore well within this Court's authority to ensure that Defendant in no way benefits from its spoliation of evidence by way of making foundational objections to expert testimony and expert reports put forth by the Plaintiff.

Defendant should be prohibited from making such objections where the cause of any lack of foundation or required speculation or inferences was Defendant's own spoliation of evidence. The negative inferences that a jury may draw from the lack of evidence is of little service to Plaintiff if its Experts may not testify to it.

## CONCLUSION

Defendant prevented Plaintiff from examining the Warehouse. The Court found that Defendant spoliated evidence when it removed the Warehouse and prevented any inspection by the Plaintiff or any of its witnesses/experts. Defendant should therefore not be able to benefit from their own wrongdoing by being able to object to expert testimony and expert reports which had to rely on inference due to the spoliation of evidence by Defendant.

For all the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order that prevents Defendant from objecting to inferences drawn by the Experts based upon spoliated evidence caused by Defendant, for an order permitting witnesses to testify about spoliated evidence, and for any further relief this Court deems just.

Dated: March 1, 2021

                                          Respectfully submitted,

                                          /s Timothy S. McGovern
                                          Timothy S. McGovern

                                          ZEILER FLOYD ZADKOVICH (US) LLP
                                          500 West Madison Street, 10th Floor
                                          Chicago, Illinois 60661
                                          tim.mcgovern@zeilerfloydzad.com
                                          (312) 545 4994

                                          *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 1, 2021 the foregoing was filed using the CM/ECF system and served via such system upon all interested parties.

        /s Timothy S. McGovern
Timothy S. McGovern

ZEILER FLOYD ZADKOVICH (US) LLP
500 West Madison Street, 10th Floor
Chicago, Illinois 60661
tim.mcgovern@zeilerfloydzad.com
(312) 545 4994

*Attorneys for Plaintiff*